**XI YAN LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 07–3094–ag.

United States Court of Appeals,
Second Circuit.

April 2, 2008.

**52**

Gang Zhou, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Carl H. McIntyre, Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xi Yan Lin, a native and citizen of the People's Republic of China, seeks review of a June 25, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xi Yan* Lin, No. A 96 207 859 (B.I.A. June 25, 2007), *aff'g* No. A 96 207 859 (Immig. Ct. N.Y. City, Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, the Government correctly asserts that Lin failed to challenge the IJ's denial of asylum based on her family planning claim in her appeal to the BIA. We therefore decline to review Lin's unexhausted arguments with respect to that claim. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007).

Similarly, Lin failed to exhaust her claim of forced marriage before the IJ. While Lin testified that her parents arranged her marriage, there is no indication in the record that she entered into that marriage unwillingly in 2001 or contends that she did. Despite Lin's characterization of her husband as a gambler, drunkard, adulterer, and abuser, by her own testimony, she did not attempt—nor did she wish—to end the marriage for several years. Rather, she testified that she wanted her husband to "return back" to her. While Lin asserted that her husband beat her when she eventually expressed a desire to divorce him after he brought home his son by another woman, this assertion does not support her claim that her marriage was and remains "forced." Indeed, there is no indication in the record that Lin ever attempted to divorce her husband, and she testified that if she now

initiated divorce proceedings against her husband, it was possible that he would not contest the divorce.

Under the circumstances described by Lin, the IJ would not have been on notice that she intended to present a forced marriage claim. The BIA did not address Lin's forced marriage claim—raised for the first time in her appeal from the IJ's decision—and Lin does not now assert that the BIA erred in failing to address that claim. Because Lin's forced marriage claim was not exhausted below, it is beyond the scope of our review. 8 U.S.C. § 1252(b)(4)(A); *Lin Zhong,* 480 F.3d at 121–22, 124.

■ To the extent that Lin also argues that she suffered past persecution as a victim of domestic violence, the IJ reasonably found that she failed to meet her burden of proof, even assuming that Lin established her membership in a particular social group. Because Lin's alleged persecutor was a private actor, in order to prevail, she was required to show that the harm she suffered was inflicted by persons or an organization that the government is unable or unwilling to control. *See Rizal v. Gonzales,* 442 F.3d 84 (2d Cir.2006); *Matter of Acosta,* 19 I. & N. Dec. 211, 216, 222 (BIA 1985). Here, the IJ reasonably found that Lin never tried to seek assistance from the police or public security bureau. Lin indicated in her written application that she "voiced her grievances" with village board officials who told her that her grievances were "beyond their jurisdiction," as they were of a "domestic nature." At the hearing, Lin testified that she did not complain to the police or public security bureau because "the village did not even care." There is no indication in the record, however, that the police or public security bureau would have declined to assist Lin. As the IJ accurately noted, the background materials submitted by Lin indicate that the Chinese government had taken an increased interest in preventing domestic violence. In light of the fact that Lin conceded that she made no effort to seek assistance from the police or public security bureau, she failed to show that the government was "unable or unwilling to control" her husband's physically abusive conduct. *See Rizal,* 442 F.3d at 92; *see also Matter of Acosta,* 19 I. & N. Dec. at 216, 222. The record thus supports the IJ's denial of asylum.

Because Lin was unable to show the objective likelihood of persecution needed to make out a valid asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). This Court therefore need not reach the agency's relocation finding.

Finally, because Lin has failed to challenge sufficiently in her brief to this Court the agency's denial of her application for relief under the CAT, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in connection with this petition is DISMISSED as moot.